IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50004
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KALUB DOYLE, JR.,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-95-CR-104-1
- - - - - - - - - - -
August 18, 1997
Before KING, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:*

     Kalub Doyle, Jr., appeals his conviction by a jury for possession of 50 grams of "crack" cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (count one), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a) (count two).  He argues that the district court abused its discretion in permitting the Government to pose questions to a defense witness on cross-

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

examination, concerning his possession of a firearm, that exceeded the scope of direct examination.

We have reviewed the record and the briefs and find no abuse of discretion. It was proper for the district court to permit the Government to question the witness about the presence of the firearm. The circumstances of the discovery of the firearm were omitted on direct examination; however, the testimony on cross-examination was an inference or implication arising from the witness' direct testimony concerning the events on the day the search warrant was executed. See United States v. Tomblin, 46 F.3d 1369, 1386 (5th Cir. 1995).

Doyle's challenge to Congress' authority under the Commerce Clause to enact 18 U.S.C. § 922(g)(1) is without merit. It has been decided in this circuit that § 922(g)(1) is not constitutionally invalid. See United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996).

The judgment of the district court is AFFIRMED.